Carolyn Perkins, Esq.  (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
(801) 405-9954
cperkins@12law.com
and
Lawrence A. Fuller, Esq., *pro hac vice pending*
Allen Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com
afullermiami@gmail.com

Attorneys for Plaintiffs

FILED
U.S. DISTRICT COURT

2018 AUG 21  P 2: 30

DISTRICT OF UTAH

BY:_____
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

STEVEN FISHER, Individually,
and ACCESS 4 ALL, INC., a Florida
Non-Profit Corporation,

        Plaintiffs,

vs.

WANG ORGANIZATION, LLC,
a Utah Limited Liability Company,

        Defendant.

    :
    :
    :
    :
    :
    :
    :
    :
    :
    :
    :

**COMPLAINT**
(Injunctive Relief Demanded)

Case: 2:18-cv-00652
Assigned To : Nuffer, David
Assign. Date : 8/21/2018
Description: Fisher et al v. Wang
Organization

Plaintiffs, STEVEN FISHER, Individually,  and ACCESS 4 ALL, INC., a Florida Non-

Profit Corporation, on their behalf and on behalf of all individuals similarly situated (sometimes

referred to as "Plaintiffs") hereby sue the Defendant, WANG ORGANIZATION, LLC, a Utah Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.  Plaintiff, STEVEN FISHER, is an individual who resides in Stansbury Park, Utah, in the County of Tooele.

2.  Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the State of Florida. ACCESS 4 ALL, INC. maintains its principal office in the County of Broward.

3.  Defendant's property, .Brewvie's Cinema Pub and 679 Plaza, is located at 6767 S. 200 W., Salt Lake City, Utah, in the County of Salt Lake.

4.  Venue is properly located in the District of Utah because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

5.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. §2201 and §2202.

6.  Plaintiff Steven Fisher has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

7.  Plaintiff Steven Fisher is a Utah resident, is *sui juris*, and q1ualifiesd as an individual with disabilities as defined by the ADA.  Mr. Fisher has cancer in his spine, and four

2

metal rods in place to hold the cadaver bone in his back. He frequently needs to use a wheelchair for mobility.

8. Plaintiff ACCESS 4 ALL, INC. is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

9. Steven Fisher, of Access 4 All, Inc., has visited the property which forms the basis of this lawsuit and plans to return to the properties once the barriers to access are corrected, and the facilities become fully accessible.

10. Steven Fisher, of Access 4 All, Inc., has encountered architectural barriers at the subject properties, which have impaired his ability to park safely at the premises, to access the premises safely, and to use restrooms safely.

11. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is a property known as Brewvie's Cinema Pub and 679 Plaza, and is located at 677 S. 200 W., Salt Lake City, Utah.

12. Access 4 All, Inc. and one or more of its members, including Steven Fisher, have

a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the properties as described but not necessarily limited to the allegations in paragraph 14 of this Complaint. Plaintiffs have reasonable grounds to believe that user members will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiffs desire to visit the subject properties not  only to avail themselves of the goods and services available at the properties but to assure themselves that the properties are in compliance with the ADA so that the individual plaintiffs, the disability group and others similarly-situated will have full and equal enjoyment of the properties without fear of discrimination.

13.     The Defendant has discriminated against the individual plaintiffs, and one or members of the Plaintiff organization, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. ˮ12182 et seq.

14.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of Brewvie's Cinema Pub and 679 Plaza has shown that violations exist.  These violations that Steven Fisher has personally observed or encountered, and which were verified by an ADA expert, include, but are not limited to:

### Parking

a.      Accessible parking spaces lack required access aisles and identification signage. Spaces are not located on accessible routes to the stores, preventing Mr. Fisher's safe unloading from vehicles and access to facilities violating ADAAG Section 4.6 and 2010 ADA Standards Section 502.

**Entrance Access and Path of Travel**

b.      Curb ramps and ramps throughout the facility lack compliant landings and have excessive slopes which endangered Mr. Fisher and violate ADAAG Sections 4.7 and 4.8 and 2010 ADAS Sections 405 and 406.

c.      Cross slopes and changes of level exceeding limits impeded Mr. Fisher on the path of travel to and through areas from parking, street, sidewalk and public transit areas violating Section 4.3 of the ADAAG and 2010 ADAS Sections 303, 304 and 403.

d.      There is no route to the patio area at Brewvie's movie theater and bar the exterior gate lacks compliant approach and maneuvering space impeding Mr. Fisher ability to enter the area violating ADAAG Sections 4.3 and 4.13 and 2010 ADAS Sections 302 and 404.

**Access to Goods and Services**

e.      The Lingerie Store at the plaza lacks proper counters and fitting rooms. Tenants at the center fail to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

f.      Tables in restaurants, booths and games are inaccessible with inadequate knee and toe clearance. The patio in Brewvie's and elevated areas in the Thai Restaurant and Legend's are not on accessible routes preventing use by Mr. Fisher and violating ADA accessibility requirements.

g.      Mr. Fisher could not safely access areas located on routes containing excessive slopes without handrails, changes of level without ramps and improper ground surfaces violating ADAAG Section 4.3 and 2010 ADAS Sections 304 and 403.

h.      Take-out, dining and work surface areas in stores and restaurants are inaccessible to Mr. Fisher in violation of various ADAAG and 2010 ADAS requirements.

**Access to Tenant Area Restrooms**

i.      Mr. Fisher could not access restroom stalls lacking required hardware. Water closets lack transfer space with centerlines less than 16" from the side wall and improper grab bars violating Section 4.17 of the ADAAG and Section 604 of the 2010 ADAS.

j.      Mr. Fisher could not use the restroom urinal in Legend's, coat hooks and dispensers mounted beyond prescribed limits and mirrors are above 40" AFF in all tenants violating Sections 4.2, 4.18 and 4.19 of the ADAAG and 2010 ADAS Sections 308, 603 and 605.

k.     Mr. Fisher could not use lavatories in the Thai Restaurant, Legend's and other tenants which lack knee and toe space violating ADAAG Section 4.19 and ADAS Section 606.

### Maintenance

l.     The accessible features of the facilities are not maintained, creating barriers to access for the Plaintiffs, as set forth herein, in violation of 28 CFR §36.211.

15.     The foregoing violations also violate the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

16.     The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiffs, and all other individual members of the Plaintiff organization similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiffs, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17.     Defendant has discriminated against the Plaintiff organization and member Steven Fisher by denying access to full and equal enjoyment of the goods, services,

facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facilities in violation of 42 U.S.C. ˙ 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between Plaintiffs and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

19.    Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facilities are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities is one which was designed and constructed for first occupancy subsequent to January

26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

21.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

22.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Brewvie's Cinema Pub and 679 Plaza to make the facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiffs respectfully request:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to

require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

     c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

     d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Date: _____August 2/_____, 2018

Respectfully submitted,

_____
Carolyn Perkins, Esq. (13469)
Law Offices of Carolyn Perkins
P.O. Box 52704
Salt Lake City, Utah 84106
(801) 405-9954
cperkins@12law.com
-and-
Lawrence A. Fuller, Esq., *pro hac vice pending*
Allen Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com
afullermiami@gmail.com

*Counsel for Plaintiffs STEVEN FISHER and ACCESS 4 ALL, INC.*